RUTH FREUND, RESPONDENT, v. ADOLPH AND JENNIE FREUND, APPELLANTS.

Decided August 20, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellants, *Heine & Laird.*

For the respondent, *Potter & Berry.*

PER CURIAM.

This action was brought by Ruth Freund, the wife of Samuel Freund, the son of the two defendants, who were

husband and wife. The purpose of the action is to recover compensation for the alienation of the affection of her husband by the defendants. The trial resulted in a verdict in her favor, the jury awarding her $15,000, and defendants appeal from the judgment entered thereon.

The first ground upon which a reversal is sought is based upon the refusal of the trial court to grant the defendants' motion for the direction of a verdict. The complaint averred, and the proofs showed, that the alienation of the husband's affections took place in March, 1919; and that as a result of the acts of the defendants the husband left his wife in April of that year and returned to the home of his parents, with whom he has ever since resided. The suit was instituted in June, 1925, and the motions which were denied was based upon the contention that the action was barred because by the statute of limitations it was required to. be brought within six years after the right of action had become complete. The contention on behalf of the plaintiff was that the right of action is a continuing one and that consequently the statute is not a bar. This contention, however, is in the face of our decision in *Crane* v. *Ketcham,* 83 *N. J. L.* 327. This fact is immaterial so far as the present case is concerned, and for this reason section 8 of the statute of limitations (3 *Comp. Stat., p.* 3166) provides that if any person or persons against whom there is or shall be any such cause of action as that now under consideration, shall not be a resident or residents in this state when such cause of action accrued, then the time during which such person or persons shall not reside in this state shall not be computed as part of the said limited period within which such action or actions are required to be brought as aforesaid. In the present case the undisputed proofs showed that at the time of the tortious acts complained of the defendants were residents of Brooklyn, in the State of New York, where they lived until the year 1921, and then removed to New·Jersey. The statute did not begin to run, therefore, in their favor until 1921, and the present action was instituted a little more than four years thereafter. In view of this

statutory provision the court properly refused the motion to direct a verdict for defendants.

The next ground of reversal is that the court erroneously permitted the plaintiff to introduce in evidence over objection certain letters written by herself to her husband and by him to her, the contention being that these letters were not admissible in the absence of evidence showing knowledge of their contents on the part of the defendants and a concurrence in the statements therein. We consider that these letters were properly admitted. Although they are not competent substantive evidence of the defendants' tortious acts, such letters passing between the spouses after the alleged alienation, are admissible to show the character of the relations between them after the wrongful act of the parents in endeavoring to keep them apart. 30 C. J. 1143.

The only other grounds of reversal are directed at alleged errors in the charge to the jury, and in refusing to charge certain requests submitted on the part of the defendants. We find nothing of merit in these contentions. In other words, the charge itself was a correct exposition of the law, and the requests submitted were properly refused.

The judgment under review will be affirmed.